[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS FOR CLARIFICATION AND FOR ATTORNEY'S FEES
In this interminably litigated matter defendant requests attorney's fees in accordance with the provisions of Sec. 46b-62 C.G.S., contending that plaintiff without any reasonable basis has moved to "reopen" a judgment reducing defendant's weekly support payments.
Sec. 46b-62 C.G.S. provides in brief that in any proceeding involving the support of a minor child the court may order "either party to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in Sec. 46b-82." The latter section, commonly known as the alimony statute, sets forth various criteria to be considered when determining the amount and conditions of an award of alimony.
An examination of the evidence as it relates to the above statutes reveals the following: Plaintiff's financial affidavit, dated July 27, 2000 and filed with the court, indicates that she is not employed and that her only weekly income is $468 received from defendant and representing both alimony and child support payments. She claims her weekly expenses to be $1041, her liabilities to be $39,000 and her assets to be non-existent. Upon cross-examination, however, plaintiff admitted having savings of $50,000 acquired when the family home was sold.
The file also indicates that plaintiff has custody of the two children of the parties, a daughter fifteen and a son age ten. Plaintiff also testified that she recently sustained an injury to her back, that she was enrolled in a community college, that she has not worked in the last year, and that she is planning to go to work.
With reference to the financial status of defendant, his financial affidavit of July 27, 2000 reflects a net weekly income of $861, weekly expenses of $1,079, liabilities of $38,390 and assets of $130,631. He appears to be in reasonably good health. CT Page 14829
Having reviewed all of the evidence as it relates to both Sec. 46b-62
and Sec. 46b-82 C.G.S. this court concludes that under all of the circumstances plaintiff should not be required to pay attorney's fees to defendant. Defendant's request for attorney's fees is accordingly denied.
The above memorandum should also serve as this court's response to defendant's motion for clarification.
BY THIS COURT
John D. Brennan, J.T.R.